UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Evette Estrada,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC, et al.,<br><br>　　　　Defendants. | 2:20-cv-09918-VAP-SKx<br><br>**Order DENYING Motion to Remand and ORDERING Defendant to Show Cause (Dkt. 10).** |

　　Plaintiff Evette Estrada filed a Motion to Remand the present matter to the Los Angeles County Superior Court. (Dkt. 10). Defendant FCA US LLC filed an Opposition to the Motion, (Dkt. 13), and Plaintiff subsequently replied, (Dkt. 14). The Court deems this matter appropriate for resolution without oral hearing pursuant to Local Rule 7-15. After considering all papers filed in connection to the Motion, the Court DENIES the Motion. The Court also ORDERS Defendant to show cause regarding the amount in controversy.

## I. BACKGROUND

　　Plaintiff Evette Estrada filed her initial complaint on August 18, 2020, asserting claims under California's Song-Beverly Consumer Warranty Act ("the Act") relating to her purchase of a 2019 Jeep Renegade. (*See* Dkt. 1-1 Ex. A). Defendant FCA US LLC removed the action to federal court on October 28, 2020. (Dkt. 1). Plaintiff now seeks to remand to state court, arguing that Defendant's Notice of Removal was untimely and failed to establish diversity of citizenship and

that, in any event, the Court should decline to exercise jurisdiction pursuant to principles of comity.  (*See generally* Dkt. 10).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. § 1332.  Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Generally, a defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim.  28 U.S.C. § 1446(b)(1).  Where the case set forth in the initial pleading does not support removal, the 30-day period is triggered by the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1441(b)(3).  However, these "two 30–day periods are not the exclusive periods for removal." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014) (citing 28 U.S.C. § 1446, 1453(b)).  "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable,

the 30–day time period never starts to run and the defendant may remove at any time." *Id.* at 1238.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiff advances three arguments in support of her Motion: (1) removal was untimely; (2) diversity of citizenship has not been established; and (3) principles of comity favor adjudication in state court. The Court addresses each argument in turn.

**A. Timeliness of Removal**

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, *not through subjective knowledge or a duty to make further inquiry*." *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added). Here, the Complaint does

3

not state how much Plaintiff paid for the vehicle or provide another benchmark for damages sought; instead, Plaintiff prays for "actual[,] compensatory[,] and general damages according to proof at time of trial" plus a civil penalty, interest, and attorneys' fees and costs. (Dkt. 1-1 Ex. A ¶ 20). Thus, the thirty-day period for removal did not commence at the time of service of the summons and Complaint. Besides the Complaint, Plaintiff cites no "amended pleading, motion, order or other paper" provided to Defendant which would trigger a 30-day removal period. 28 U.S.C. § 1441(b)(3); *see also De Paredes v. Walmart Inc*., No. 220CV08297-RGK-AFMx, 2020 WL 6799074, at *2 (C.D. Cal. Nov. 17, 2020) ("The term 'other paper' generally includes any document in the record of the state court proceeding or discovery responses."). Instead, Defendant alleges that it "was able to ascertain the amount in controversy" on September 28, 2020 when, by way of its own investigation, it obtained a copy of Plaintiff's purchase contract from the selling dealership stating the amount payable on the vehicle.[1] (Dkt. 1-1 ¶¶ 4–8). Accordingly, the time of removal does not support remand.

### B. Diversity of Citizenship

Plaintiff argues Defendant "failed to establish that diversity of citizenship is present" because it failed to show Plaintiff is a citizen of California.[2] (Dkt. 10 at 8). She contends that Defendant's statement that "Plaintiff is and was a citizen and resident of California," (Dkt. 1 ¶ 27), assumes facts and lacks adequate support.

---

[1] Even if this contract constituted "other paper" under 28 U.S.C. § 1446, or otherwise triggered the 30-day removal period, Defendant removed the matter within 30 days of its receipt.

[2] Defendant asserts—and Plaintiff does not challenge—that Defendant, its members, and its members' members are incorporated under the laws of Delaware and the Netherlands and have principal places of business in Michigan and London, United Kingdom.

(*Id.*).  In *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223 (9th Cir. 2019), however, the Ninth Circuit held that "[i]f the defendant's citizenship allegations are unchallenged factually," the defendant is not required to provide evidence of citizenship.  *Id.* at 1225; *see also Coronel v. Ford Motor Co.*, CV 19-09841-DSF-JEMx, 2020 WL 550690 (C.D. Cal. Feb. 4, 2020) (finding that a notice of removal's allegation that plaintiff was a citizen of California was sufficient, despite it citing only the complaint, which acknowledged that plaintiff was a resident of California but said nothing of citizenship); *Holbrook v. Ford Motor Co.*, No. CV 20-840-GW-PJWx, 2020 WL 1809667, at *2 (C.D. Cal. Apr. 9, 2020) (same).  Here, Plaintiff has not factually challenged Defendant's allegation of citizenship.  Hence, the allegation in the Notice of Removal that Plaintiff is a California citizen is sufficient.

### C.  Principles of Comity

Plaintiff argues next that as California state court is the appropriate venue for this case, the Court should decline to exercise jurisdiction in accordance with principles of comity.  (Dkt. 10 at 8–9).  Federal courts, however, have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims.").  The Court follows the rationale of other courts in this district that have considered this same argument and rejected it.  *See Gonzalez v. FCA US LLC*, No. EDCV19967-PSG-RAOx, 2020 WL 1444941, at *3 (C.D. Cal. Mar. 24, 2020); *Petropolous v. FCA US, LLC*, No. 17-CV-0398-W-KSCx, 2017 WL 2889303, at *6 (S.D. Cal. July 7, 2017).

**D. Order to Show Cause**

While Plaintiff does not challenge the amount in controversy in its Motion, the Court cannot exercise jurisdiction unless Defendant sufficiently establishes that the amount in controversy exceeds $75,000. In this case, however, the amount in controversy is unclear. The Notice of Removal states that the amount in controversy is satisfied by the sum of Plaintiff's actual damages and the civil penalty available under the Act. (*See* Dkt. 1-1). Actual damages under the Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset"). *Id.* Here, Defendant fails to reduce actual damages to account for Plaintiff's use of the car before she took it in for repair. (Dkt. 1-1). Additionally, where the amount of actual damages is speculative, an attempt to determine the civil penalty is equally uncertain. *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 218CV06650-VAP-PLAx, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018).

The Court therefore ORDERS Defendant to show cause, in writing, no later than January 4, 2021 why this case should not be remanded for failure to adequately allege the amount in controversy. Plaintiff may file a response to Defendant's filing no later than January 8, 2021.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

The Court therefore DENIES the Motion. The Court ORDERS Defendant to show cause as stated above by January 4, 2021.

**IT IS SO ORDERED.**

Dated: 12/18/20

Virginia A. Phillips
United States District Judge